DEBORAH YOON JONES (SBN 178127)
*debbie.jones@alston.com*
LISA L. GARCIA (SBN 301362)
*lisa.garcia@alston.com*
OMAR A. MORQUECHO (SBN. 333647)
*omar.morquecho@alston.com*
**ALSTON & BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile:  (213) 576-1100

Attorneys for Defendants
T-MOBILE US, INC. and T-MOBILE USA, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADFORD A. CLEMENTS,<br><br>                    Plaintiff,<br><br>          v.<br><br>T-MOBILE US, INC. AND T-MOBILE USA, INC.,<br><br>                    Defendant. | Case No.: 5:22-cv-07512-EJD<br><br>Honorable Edward J. Davila<br><br>**DEFENDANTS T-MOBILE US, INC. AND T-MOBILE USA, INC.'S RESPONSE TO PLAINTIFF'S PETITION TO COMPEL ARBITRATION AND REQUEST FOR DISMISSAL; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.   <u>INTRODUCTION</u>

Though obscured in Plaintiff's Petition, there is already an arbitration between Plaintiff and T-Mobile pending in Texas because that is the locale that *Plaintiff*, a Texas resident, demanded. In fact, in his August 18, 2022 demand letter, Plaintiff indicated that he was an attorney and was demanding a sum in excess of Texas' $20,000 small claims court jurisdictional limit. The letter indicated Plaintiff would "demand[] in-person arbitration in Austin, Texas" should he have to file an arbitration with the America Arbitration Association ("AAA"). Plaintiff than proceeded to initiate arbitration three weeks later and demanded an in-person hearing in Austin, Texas. After T-Mobile paid the AAA fees, filed an answer and counterclaim, ranked the five arbitrators proposed by the AAA, and the deadline to rank the arbitrators passed, Plaintiff decided that he no longer wanted to arbitrate in Texas, his residence and chosen venue. The AAA refused to move the arbitration, instead referring the venue issue to the arbitrator.[1] Rather than wait for the AAA arbitrator to determine the issue, Plaintiff filed this Petition.

However, this action is an attempted interlocutory appeal of the AAA's decision regarding venue, and it fails for two reasons. First, both the governing arbitration agreement and decisions applying the Federal Arbitration Act make clear that the arbitrator, not this Court, should decide any question as to venue. Second, Plaintiff's requested relief—intervention in an ongoing arbitration—is such an extreme remedy that the Ninth Circuit has directed that it should be permitted only in the most extreme cases, and it has never come across a sufficiently extreme case. This is not an extreme case. The Court should deny this Petition and let the AAA arbitrator address any questions about the proper venue for the pending arbitration.

Finally, because resolution of Plaintiff's Petition resolves all issues pending before the Court, once the Court denies the Petition, T-Mobile respectfully requests that the Court also dismiss this case.

---

[1] The AAA also explained to Plaintiff that the decision only impacted venue and that Plaintiff was free to raise to the arbitrator whether Texas or California law would apply.

## II.   FACTUAL BACKGROUND

Plaintiff is an attorney who first became licensed in Texas in 2007 and also has been licensed to practice in California.  Since October 2021 and at the time he initiated arbitration with T-Mobile, Plaintiff lived in Travis County, Texas.  *See* Petition to Compel ¶ 11 (Dkt. 1) ("Pet.").  T-Mobile is a nationwide wireless service provider.  *See* Pet. ¶ 4.  Plaintiff became a customer of T-Mobile late in 2019 and agreed to T-Mobile's Terms and Conditions.  *See id.* ¶¶ 1, 9.  T-Mobile's Terms and Conditions contain a provision that requires disputes either be arbitrated or addressed in small claims court, if applicable:

> Dispute Resolution and Arbitration. YOU AND WE EACH AGREE THAT, EXCEPT AS PROVIDED BELOW, ANY AND ALL CLAIMS OR DISPUTES IN ANY WAY RELATED TO OR CONCERNING THE AGREEMENT, OUR PRIVACY NOTICE, OUR SERVICES, DEVICES OR PRODUCTS, INCLUDING ANY BILLING DISPUTES, WILL BE RESOLVED BY BINDING ARBITRATION OR IN SMALL CLAIMS COURT

Ex. 1 to Pet. (Dkt. 1-1).  The Terms and Conditions provide that the arbitration will be administered by the AAA and in accordance with the AAA's Consumer Arbitration Rules: "The arbitration of all disputes will be administered by the AAA under its Consumer Arbitration Rules in effect at the time the arbitration is commenced, except to the extent any of those rules conflicts with our agreement in these T&Cs, in which case these T&Cs will govern."  *Id.*

As noted, Plaintiff sent a demand letter to T-Mobile dated August 18, 2022, demanding a sum in excess of Texas' $20,000 small claims court jurisdictional limit and an in-person arbitration in Austin, Texas.  After his August 18, 2022 demand letter, Plaintiff filed an arbitration demand with the AAA on September 8, 2022 against T-Mobile related to allegations that his personal information was accessed in one or more cyberattacks.  *See* Pet. ¶ 13.  In his demand, Plaintiff stated that in-person hearings should take place in Austin, Texas.  *See* Pet. ¶ 13; Demand for Arbitration, Ex. 3 to Pet. (Dkt. 1-3).  In accordance with Plaintiff's demand, the AAA began the administration of an arbitration under Case No. 01-22-0003-8116, and the AAA noted that "the requested hearing locale is Austin, TX."  *See* Pet. ¶ 13; AAA Letter, Ex. 5 to Pet. (Dkt. 1-4).

Relying on Plaintiff's contentions and requested arbitration locale, T-Mobile had engaged

1   Texas counsel, paid the arbitration fees, and filed an answer and counterclaim.  *See* Pet. ¶ 15.  The

2   AAA sent Plaintiff and T-Mobile a list of potential arbitrators on October 18, 2022 and gave the

3   parties until October 28, 2022 to strike and rank their arbitrator preferences.  *See* Pet. ¶ 16; Ex. 5 to

4   Pet. (Dkt. 1-5).  After T-Mobile ranked the proposed arbitrators and the deadline passed, Plaintiff

5   claims to have noticed, apparently for the first time, that his account address with T-Mobile is in

6   California.  *See* Pet. ¶ 17.  The monthly invoices he receives electronically from T-Mobile list an

7   address in Mountain View, California.  *See* Monthly Invoice at 2 & 10, Ex. 6 to Pet. (Dkt. 1-6).  And

8   when Plaintiff checked the "Profile" section for his account on T-Mobile's website, his address is

9   listed as Mountain View, California.  *See* Clements Affidavit ¶ 5, Ex. 2 to Pet. (Dkt. 1-2).

10          On October 31, 2022—almost two months after filing the arbitration in Texas and after the

11  arbitrator ranking deadline had passed—Plaintiff requested that the AAA change the location of the

12  arbitration from his chosen location of Texas to California.  *See* Pet. ¶ 18; Oct. 31, 2022, Email, Ex.

13  7 to Pet. (Dkt. 1-7).  The AAA administrator asked T-Mobile to respond to Plaintiff's request to

14  change the locale of the arbitration.  *See* Pet. ¶ 19; Nov. 7, 2022, Email, Ex. 12 to Pet. (Dkt. 1-12).

15  T-Mobile's counsel noted that despite having access to the records showing the California address

16  and Plaintiff even referencing these documents in his August 2022 demand, Plaintiff consistently

17  represented that the arbitration locale would be in Texas and Plaintiff chose to file the arbitration in

18  Texas.  *Id.*  T-Mobile's counsel further noted that T-Mobile engaged Texas counsel in response to

19  Plaintiff's Texas arbitration and that T-Mobile incurred fees and costs defending the arbitration in

20  Texas.  *Id.*  In fact, T-Mobile's counsel pointed out that Plaintiff's request would cause T-Mobile to

21  incur additional costs associated with changing counsel, as Plaintiff had already told T-Mobile that

22  it would need to engage new counsel to handle the arbitration in California.[2]  *Id.*  T-Mobile's counsel

23  contended that Plaintiff was estopped from changing the hearing locale but noted that Plaintiff could

24  ask the arbitrator to change the hearing locale once one was appointed, per the AAA Consumer

25  Rules.  *See id.*

26
27  _____

[2] Plaintiff specifically wrote to T-Mobile's counsel: "I understand that you are not permitted to
practice California law, and I cannot be an accessory to the unauthorized practice of law.  Please
inform me who T-Mobile's California counsel will be for this matter."  November 2, 2022 Email

28  at 5, Ex. 12 to Pet. (Dkt. 1-12).

T-MOBILE'S RESPONSE TO PLAINTIFF'S PETITION TO COMPEL
ARBITRATION AND REQUEST FOR DISMISSAL

Plaintiff responded to T-Mobile's arguments by asserting that he "didn't immediately see that" his monthly invoices "included any address" and that he "wrongly assumed that [his] address in T-Mobile's records is in Texas." Pet. ¶ 20; Nov. 7, 2022 Email, Ex. 13 to Pet. (Dkt. 1-13). Despite conceding his oversight, Plaintiff contended that the arbitration must proceed in California. *Id.*

The AAA administrator considered both side's arguments and decided that the arbitration should proceed in Texas "as initially filed and will only be changed upon a ruling from an appointed arbitrator." Pet. ¶ 21; Nov. 11, 2022 Email, Ex. 15 to Pet. (Dkt. 1-15). The AAA administrator further clarified that its decision only affected the locale of the arbitration and that "[t]he issue of whether Texas or California law applies can be raised to the arbitrator upon appointment." Pet. ¶ 21; Nov. 14, 2022, Email, Ex. 17 to Pet. (Dkt. 1-17).

Plaintiff twice requested the AAA reconsider its decision before the appointment of an arbitrator. *See* Pet. ¶ 21; Nov. 11, 2022 Email, Ex. 16 to Pet. (Dkt. 1-16); Nov. 18, 2022 Email, Ex. 19 to Pet. (Dkt. 1-19). The AAA, however, refused to change its determination regarding the arbitration's locale, though it did offer to present a slate of potential arbitrators licensed to practice law in both California and Texas. *See* Nov. 14, 2022 Email, Ex. 17 to Pet. (Dkt. 1-17).

Unhappy with the AAA administrator's resolution of his request to move the arbitration and apparently not wanting to raise the issue with the arbitrator—as required by AAA's rules—Plaintiff filed this action to petition the Court to intervene in the ongoing arbitration that he initiated and move the location away from his initial choice of Texas to California. As discussed herein, Plaintiff's Petition is baseless, and the Court should dismiss this case so that the arbitration can proceed.

## III.  ARGUMENTS AND AUTHORITIES

### A.  Plaintiff Delegated to the AAA the Authority to Resolve Where the Arbitration Should Take Place.

It is well settled that "parties may delegate threshold arbitrability questions to the arbitrator, so long as the parties' agreement does so by 'clear and unmistakable' evidence." *Alkutkar v. Bumble Inc.*, No. 22-cv-00422-PJH, 2022 U.S. Dist. LEXIS 162287, at *26 (N.D. Cal. Sept. 8, 2022)

1  (quoting *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019)).  One of these

2  threshold issues that can be delegated is the location of where the arbitration should occur.  *See*

3  *Cornfeld Grp., LLC v. Certain Underwriters at Lloyd's*, No. 21-62510-CIV, 2022 U.S. Dist. LEXIS

4  113613, at **10-13 (S.D. Fla. June 23, 2022) ("Moreover, the delegation clause squarely puts choice

5  of law and forum selection in the hands of the Arbitration Tribunal.").

6           T-Mobile's Terms and Conditions provide that "[t]he arbitration of all disputes will be

7  administered by the AAA under its Consumer Arbitration Rules in effect at the time the arbitration

8  is commenced."  Under the AAA's Consumer Arbitration Rules, an arbitrator has "the power to rule

9  on his or her own jurisdiction" and that "the AAA initially will determine the locale of the

10  arbitration" and "[i]f a party does not agree with the AAA's decision, that party can ask the arbitrator,

11  once appointed, to make a final determination."[3]  Because of these provisions, courts regularly hold

12  that an arbitration provision that incorporates the AAA's rules by reference constitutes a clear and

13  unmistakable delegation of "questions on issues of arbitrability to the arbitrator."  *Gerlach v.*

14  *Tickmark Inc.*, No. 4:21-cv-02768-YGR, 2021 U.S. Dist. LEXIS 141105, at **11-13 (N.D. Cal. July

15  28, 2021).  By incorporating by reference the AAA's Consumer Arbitration Rules, T-Mobile's

16  Terms and Conditions constitute a clear and unmistakable delegation of arbitrability issues to the

17  arbitrator, including issues regarding the location of the arbitration.  *See Saadeh v. T-Mobile USA,*

18  *Inc.*, No. 2:21-cv-12871 (BRM) (JSA), 2022 U.S. Dist. LEXIS 11567, at *9 (D.N.J. Jan. 21, 2022);

19  *Frye v. T-Mobile USA, Inc.*, No. 0:21-cv-61653-KMM, 2022 U.S. Dist. LEXIS 6891, at **10-13

20  (S.D. Fla. Jan. 13, 2022); *Mendez v. T-Mobile USA, Inc.*, No. 21-23545-CIV-ALTONAGA/Torres,

21  2022 U.S. Dist. LEXIS 8103, at *9 (S.D. Fla. Jan. 10, 2022).

22           Accordingly, under T-Mobile's Terms and Conditions, Plaintiff agreed that the locale of the

23  arbitration hearing will be determined by the AAA pursuant to its rules and not by any court.

24  Plaintiff's potential remedy is in arbitration, and   Plaintiff's complaint should be dismissed

25  consistent with the many cases cited here.  *See Newcombe-Dierl v. Amgen*, No. CV 22-2155-DMG

---

[3] *See* AAA Consumer Rules 11 & 14(a), https://adr.org/sites/default/files/Consumer%20Rules.pdf.
The Court can take judicial notice of the AAA's rules.  *See Esguerra-Aguilar, Inc. v. Shapes
Franchising, LLC*, No. 20-cv-00574-BLF, 2020 U.S. Dist. LEXIS 120848, at *6 (N.D. Cal. July 9,
2020).

T-MOBILE'S RESPONSE TO PLAINTIFF'S PETITION TO COMPEL
ARBITRATION AND REQUEST FOR DISMISSAL

LEGAL02/42473679v5                                                                    CASE NO. 3:21-cv-08995-EJD

1    (MRWx), 2022 U.S. Dist. LEXIS 140079, at *14-15 (C.D. Cal. May 26, 2022) ("To the extent Dierl

2    objects that Amgen's filing has deprived her of the venue of her choosing, that is an issue that

3    frequently arises in anticipatory declaratory actions, and Dierl may raise those objections in the

4    arbitration." (citing similar JAMS rule on determining location of hearing)).

5         **B.**    **District Court Intervention Under These Circumstances Is Prohibited.**

6         "[T]he basic purpose of arbitration is the speedy disposition of disputes without the expense

7    and delay of extended court proceedings." *Pollock v. Fed. Ins. Co.*, No. 21-cv-09975-JCS, 2022

8    U.S. Dist. LEXIS 179138, at *4-5 (N.D. Cal. Sept. 30, 2022) (quoting *Aerojet-Gen. Corp. v. Am.*

9    *Arb. Ass'n*, 478 F.2d 248, 251 (9th Cir. 1973)). Court intervention "on a question well within the

10   authority of the arbitrator during the course of an ongoing arbitration" contravenes this purpose. *Trs.*

11   *of the U.A. Loc. 38 Defined Benefit Pension Plan v. Trs. of the Plumbers & Pipe Fitters Nat'l*

12   *Pension Fund*, No. 13-CV-5528 YGR, 2014 U.S. Dist. LEXIS 105356, at **10-12 (N.D. Cal. July

13   30, 2014), *aff'd*, 672 F. App'x 692 (9th Cir. 2017). For this reason, a court's "review of an arbitration

14   proceeding comes at the beginning or the end, but not in the middle." *Pollock*, 2022 U.S. Dist.

15   LEXIS 179138, at *4 (alterations and quotation omitted). Indeed, the majority of Circuit Courts

16   "expressly preclude any mid-arbitration intervention," and the Ninth Circuit has "c[o]me quite

17   close" to "issuing a blanket rule precluding intervention in an ongoing arbitration." *Sussex v. U.S.*

18   *Dist. Court for the Dist. of Nev.*, 776 F.3d 1092, 1099, *as amended by* 781 F.3d 1065 (9th Cir. 2015).

19   Regardless, Ninth Circuit caselaw is very clear that intervention is prohibited here.

20        **1.**    **Review of an arbitrator's decision mid-arbitration is limited to only the**

21              **most extreme cases, if permitted at all.**

22        In *Aerojet-General Corp.*—a case challenging an arbitrator's venue decision—the Ninth

23   Circuit considered "whether judicial scrutiny of arbitration proceedings is *ever* appropriate prior to

24   the rendition of a final arbitration award." 478 F.2d at 251. The Ninth Circuit noted that due to the

25   basic purpose of arbitration, "judicial review prior to the rendition of a final arbitration award should

26   be indulged, if at all, ***only in the most extreme cases***." *Id.* (emphasis added). According to the

27   Ninth Circuit, challenging the arbitrator's venue decision "is emphatically not such a[n extreme]

28

6

case." *Id.* at 251.  Even if mid-arbitration review were warranted, a decision made during arbitration cannot be interfered with unless it was shown that "there was partiality on the part of an arbitrator, or that the arbitrator exceeded his authority, or that the award was rendered in 'manifest disregard of the law.'"  *Id.* at 251-52 (citations and quotation omitted).  Simply showing that the decision was "arbitrary and capricious" or that an arbitrator "acted erroneously" is insufficient."  *Id.* at 251-52.

In the fifty years since *Aerojet-General Corp.* was decided, the Ninth Circuit has "never subsequently approved of such an [mid-arbitration] intervention."  *Sussex*, 776 F.3d at 1099.  This case does not present an "extreme" case that could make it the first case to justify mid-arbitration intervention.

### 2.    This case is not an extreme case that could permit mid-arbitration intervention.

This case is far from an extreme case that would permit mid-arbitration intervention.  As a threshold matter, the arbitrator has not even addressed the issue of venue, further removing this action from an extreme case that could justify court intervention. All that exists here is the AAA's straightforward application of the governing agreement and the AAA Consumer Arbitration Rules. Plaintiff, a lawyer with access to the governing agreement and all relevant information, selected his residence, Austin, Texas, as the venue. And after Plaintiff decided he wanted to move the arbitration to California, the AAA held that is an issue to be determined by the arbitrator. It is difficult to overstate how routine this issue is and how squarely it would run against the Ninth Circuit's holdings in *Aerojet-General Corp.*, and the cases that have followed, to intervene in this instance. *Cf. Sussex*, 776 F.3d at 1101 (holding that arbitrator's potential, attenuated financial interest did not warrant intervention and that potential "cost and delay" from having to redo arbitration was insufficient to make the case "extreme").

While the arbitrator has not even had the chance to address the venue issue in the underlying arbitration, permitting the arbitration to proceed in Texas would be legally proper.  It is well-established that if a plaintiff chooses a certain venue, they cannot later object to their chosen venue. *See Utterback v. Trustmark Nat'l Bank*, 716 F. App'x 241, 244 (5th Cir. 2017) ("Therefore,

T-MOBILE'S RESPONSE TO PLAINTIFF'S PETITION TO COMPEL
ARBITRATION AND REQUEST FOR DISMISSAL

1    a plaintiff, by bringing the suit in a district other than that authorized by the statute, relinquishes his

2    right to object to the venue." (quoting *Olberding v. Ill. Cent. Ry. Co.*, 346 U.S. 338, 340 (1953))

3    (alterations and internal quotation marks omitted)). Even if Plaintiff could have initially filed an

4    arbitration in California, he waived his right to later complain about his chosen venue by filing in

5    Texas. *See Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1101 (N.D. Cal. 2006)

6    ("Plaintiff can hardly complain of the failure to transfer this case to Oregon since it could have

7    brought the action there in the first place. . .Having chosen not to do so, it lost its opportunity to

8    litigate this case in Oregon."). Thus, rather than acting in "manifest disregard of the law," the AAA's

9    decision is completely in accord with well-settled legal principles. *Cf. Aerojet-Gen. Corp.* 478 F.2d

10   at 251.[4]

11              **3.      Plaintiff's cited authority is grounded on bad law or is Inapposite.**

12              Plaintiff cites a handful of nonbinding cases in which a court intervened mid-arbitration—

13   specifically cases in which a defendant (not the plaintiff) filed an arbitration in a forum to which the

14   plaintiff objected— but those cases have either been overruled or are grounded on cases that have

15   been overruled.

16              The case at the heart of Plaintiff's contention that this Court can intervene mid-arbitration is

17   a short opinion from the Second Circuit, *Bear, Stearns & Co. v. Bennett*, 938 F.2d 31 (2d Cir. 1991).

18   *See* Pet. at 10. Even ignoring that this case is not from the Ninth Circuit, the Second Circuit has

19   noted that the holding in *Bear, Stearns & Co.* has since been abrogated by Supreme Court precedent.

20   As the Second Circuit explained, "subsequent Supreme Court decisions have cast doubt on the

21   continued viability of *Bear Stearns*" because the Supreme Court has clarified that disputes over a

22   forum selection clause in an arbitration agreement are "procedural issues" that should be resolved

23   by an arbitrator, not a court. *See UBS Fin. Servs. v. W. Va. Univ. Hosps., Inc.*, 660 F.3d 643, 654,

24

25   [4] Plaintiff also does not, nor could he, contend that the AAA is partial in any way in this case nor
     that any potential partiality could cause this case to qualify as extreme to justify court intervention.
     *Cf. Sussex*, 776 F.3d at 1099. Plaintiff similarly does not, and cannot, assert that the AAA exceeded
26   its authority by deciding where the arbitration should occur (by agreeing with his initial request).
     To the contrary, the AAA Consumer Arbitration Rules state that the AAA will determine the locale
27   of the arbitration, and Plaintiff agreed in T-Mobile's Terms and Conditions that the arbitration would
     be governed by these rules. *See* AAA Consumer Rule 11; T-Mobile's Terms and Conditions at 5,
28   Ex. 1 to Pet. (Dkt. 1-1).

655 n.88 (2d Cir. 2011) ("To the extent that arbitrators, not courts, presumptively have jurisdiction to adjudicate disputes over the enforceability of forum selection clauses, our holding to the contrary in *Bear, Stearns* was abrogated by *Howsam* [*v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002)], as clarified by *Green Tree* [*Financial Corp. v. Bazzle*, 539 U.S. 444 (2003)]."). Thus, to the extent Plaintiff contends that this Court should follow *Bear, Stearns* rather than the Ninth Circuit authority discussed above, that argument fails for the additional reason that *Bear, Stearns* is no longer good law.

All of the other cases Plaintiff contends permit mid-arbitration intervention are explicitly grounded on *Bear, Stearns* and thus equally no longer good law. *See Sterling Fin. Inv. Grp., Inc. v. Hammer*, 393 F.3d 1223, 1225 (11th Cir. 2004) (relying solely on *Bear, Stearns*); *In re Cintas Corp. Overtime Pay Arb. Litig.*, No. C 06-1781 SBA, 2007 U.S. Dist. LEXIS 5479, at *40 (N.D. Cal. Jan. 9, 2007) (relying on *Bear, Stearns* and *Hammer*); *ING Fin. Advisors, Inc. v. Nat'l Ass'n of Sec. Dealers*, No. CV044006038S, 2005 Conn. Super. LEXIS 392, at *9 (Conn. Super. Ct. Feb. 4, 2005) (same); *cf. Linsco/Private Ledger Corp. v. Maurice*, No. 3:07-0183, 2007 U.S. Dist. LEXIS 21007, at *21 (M.D. Tenn. Mar. 21, 2007) (relying on *Bear, Stearns* and *Hammer*, but denying injunctive relief because under arbitration rules, the plaintiff could still file motion to change venue).[5] Moreover, none of these cases considered whether the case was sufficiently "extreme" to permit mid-arbitration intervention under the Ninth Circuit's standard. *Cf. Aerojet-Gen. Corp.* 478 F.2d at 251.

Accordingly, nothing in Plaintiff's Petition suggests that this Court can intervene in the ongoing arbitration absent an "extreme" case, and simply disagreeing with the AAA administrator's initial locale determination does not make a case extreme. *Cf. Aerojet-Gen. Corp.* 478 F.2d at 251.

---

[5] While *GE Commercial Distribution Financial Corp. v. DonWin, LLC* involved a pending arbitration, the question there was under what agreement the parties should arbitrate, not whether the arbitrator's venue decision was correct. *See* C.A. No. 11-cv-01154-CMA-BNB, 2011 U.S. Dist. LEXIS 67951, at *17 (D. Colo. June 24, 2011). Additionally, *Societe Generale de Surveillance, S.A. v. Raytheon European Management & Systems Co.*, did not involve challenging an arbitrator's venue decision, but instead, concerned whether the arbitration should proceed in the United States or Switzerland. *See* 643 F.2d 863, 870 (1st Cir. 1981)

C.     **The Court Should Dismiss Plaintiff's Case.**

Once a court denies a petition to compel arbitration, it should dismiss the case "because the court's ruling on the petition to compel arbitration resolves all the issues raised." *Conexant Sys., Inc. v. Zykronix, Inc.*, No. 8:16-CV-00560-CAS(AGRx), 2016 U.S. Dist. LEXIS 93203, at *17-18 n.5 (C.D. Cal. July 11, 2016) (quotation and alterations omitted).   Therefore, because the Court should deny Plaintiff's Petition, the Court should also dismiss this suit.

## IV.   **CONCLUSION**

For the foregoing reasons, T-Mobile respectfully requests the Court deny Plaintiff's Petition, dismiss this case, and grant T-Mobile such other relief to which it may be entitled.


Dated:  January 3, 2023               Respectfully submitted,

                                      DEBORAH YOON JONES
                                      LISA L. GARCIA
                                      OMAR A. MORQUECHO
                                      **ALSTON & BIRD LLP**


                                      By:    */s/ Deborah Yoon Jones*
                                             Deborah Yoon Jones

                                      Attorneys for Defendants
                                      T-Mobile US., Inc. and T-Mobile USA, Inc.

**CERTIFICATE OF SERVICE**

I, Deborah Yoon Jones certify and declare as follow:

      1.     I am over the age of 18 and not a party to this action.

      2.     My business address is 333 South Hope Street, 16th Floor, Los Angeles, CA 90071-1410.

      3.     On February 3, 2023, I caused a copy of **MOBILE USA, INC.'S RESPONSE TO PLAINTIFF'S PETITION TO COMPEL ARBITRATION AND REQUEST FOR DISMISSAL; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** to be served upon the counsel of record via the Court's CM/ECF system:

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.  Executed on February 3, 2023, at Los Angeles, California.

*/s/   Deborah Yoon Jones*
Attorneys for
T-MOBILE US, INC. and T-MOBILE USA, INC.

T-MOBILE'S RESPONSE TO PLAINTIFF'S PETITION TO COMPEL
ARBITRATION AND REQUEST FOR DISMISSAL
LEGAL02/42473679v5                                                                 CASE NO. 3:21-cv-08995-EJD