UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRADFORD ARTHUR CLEMENTS, <br> Plaintiff, <br> v. <br> T-MOBILE USA, INC, et al., <br> Defendants. | Case No. 5:22-cv-07512-EJD <br><br> **ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** <br><br> Re: ECF No. 23 |

Petitioner Bradford Clements ("Clements" or "Petitioner") moves for leave to amend his "Petition to Compel T-Mobile to Submit to Arbitration Governed by California Law in Santa Clara County, and in Accord with the Parties' Written Agreement, and to Stay the Pending Texas Arbitration" ("Petition"). ECF No. 1. The Court heard oral arguments on May 11, 2023.

**I.   BACKGROUND**

Petitioner Clements filed this action on November 30, 2022 petitioning this Court, in part, to compel T-Mobile to "concede to the AAA that the arbitration venue must be in Santa Clara County, California" and "concede to the AAA that California law must apply." ECF No. 1 at 2. Clements was a customer of T-Mobile from 2019 until approximately 2021. Pet., ¶¶ 1, 11. He resided in Santa Clara County at the time he entered into the contract with T-Mobile, but later relocated to Texas in October of 2021. *Id.* While he was a T-Mobile customer, Clements alleges that his data was stolen during multiple cyberattacks, causing him to suffer identify theft and unauthorized purchases on his credit card. *Id.* at 1. As a result, Clements filed a consumer arbitration claim with the American Arbitration Association ("AAA"). *Id.* at 12.

The T-Mobile Terms and Conditions provides in relevant part that "any and all claims or

Case No.: 5:22-cv-07512-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

1

disputes in any way related to or concerning the agreement, our privacy notice, our services, devices or products . . . will be resolved by binding arbitration or in small claims court." ECF No. 1-1, Ex. 1. It also contains a choice of forum clause which states that the arbitration proceedings "must be in the county and state or jurisdiction in which your *billings address in our records* is located." *Id.* (emphasis added). Clements resided in Texas at the time of filing his arbitration demand with the AAA on September 8, 2022. Pet. ¶ 13. Clements asserts that he believed T-Mobile's records reflected his new billing address and demanded that the arbitration hearings take place in Travis County, Texas. *Id.* ¶ 14. On October 29 or 30, Clements allegedly discovered that his old address in Mountain View was still listed as his current billing address in T-Mobile's records. *Id.* ¶ 17. Upon making this discovery, Clements updated his demand to request that the hearing take place in Santa Clara County and apply California law pursuant to the Terms and Conditions. *Id.* ¶ 18. T-Mobile opposed his request. *Id.*

The AAA Administrator reviewed the request and "administratively decided that the case will proceed under Texas law as initially filed and will only be changed upon a ruling from an appointed arbitrator" but later clarified that the locale is Texas. *Id.* ¶ 21. Clements twice opposed this decision to no avail. *Id.*; ECF No. 1-17, Ex. 17.

On November 30, 2022, Clements filed a petition to compel arbitration "in accordance with the express terms of the parties' written arbitration agreement" pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. ECF No. 1 at 2. Defendant T-Mobile, Inc. ("T-Mobile") responded and moved for dismissal on the grounds that the Court should decline to intervene in the pending arbitration and deny Clements's Petition. ECF No. 11. Clements requested an extension of time to oppose T-Mobile's motion to dismiss, stating that he had been relying on the wrong version of the Terms and Conditions. ECF No. 14. Clements stated he had been using the publicly posted Terms and Conditions from March 1, 2021. He contends that the June 2, 2019 version of the Terms and Conditions controls this dispute because the 2019 version was available at the time he contracted with T-Mobile. Finding good cause, the Court granted his request to file his opposition or withdraw his petition by March 25, 2023. ECF No. 16. On March 27, 2023

Case No.: 5:22-cv-07512-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
2

1  Clements instead moved for leave to file an amended complaint. ECF No. 23.

2  Clements seeks to amend and recast his original petition as complaint for damages (ECF
3  No. 23), challenging the formation of the arbitration agreement and contending that T-Mobile
4  made "substantive changes" to its arbitration clause that "contains material ambiguities resulting
5  in a lack of mutual assent." ECF No. 25-1 ¶¶ 101–04. His proposed amendments allege that the
6  parties never formed a contract due to lack of mutual assent to the Terms and Conditions because
7  the 2019 version does not specify whether the Terms and Conditions or the AAA Rules control
8  when there is a conflict—unlike the current version of the Terms and Conditions, which provides
9  that T-Mobiles terms control when there is a conflict with the AAA Rules. ECF No. 26 at 6.
10 Clements also contends that the agreement is rescinded based on T-Mobile's material breach or
11 repudiation. ECF No. 25-1 ¶¶ 100–16. In total, the proposed complaint asserts thirteen causes of
12 action, including claims for violations of: the Cal. Consumer Legal Remedies Act ("CLRA")
13 (Count III); § 17200 unfair competition (Count IV); the Cal. Consumer Privacy Act ("CCPA")
14 (Count V); and Cal. Consumer Records Act (Count VI). T-Mobile opposes amendment. *See* ECF
15 No. 26.

16 The Court heard oral arguments on May 11, 2023. At the hearing the parties informed the
17 Court that no arbitrator has been appointed in the Texas arbitration and that the arbitration has
18 been held in abeyance.

19 **II.    LEGAL STANDARD**

20 Pursuant to Rule 15, "[t]he Court should freely give leave [to amend pleadings] when
21 justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15's "policy of favoring amendments to
22 pleadings should be applied with 'extreme liberality.'" *DCD Programs, Ltd. v. Leighton*, 833
23 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).
24 A court should resolve a motion for leave to amend "with all inferences in favor of granting the
25 motion." *Griggs v. Pace Am. Grp.*, 170 F.3d 877, 880 (9th Cir. 1999) (citations omitted).

26 Courts consider multiple factors and "may exercise its discretion to deny leave to amend
27 due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure

28 Case No.:   5:22-cv-07512-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
3

1    deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and]

2    futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir.

3    2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182, (1962)) (alterations in original).  Prejudice to

4    the opposing party "carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d

5    1048, 1052 (9th Cir. 2003) ("Prejudice is the touchstone of the inquiry under rule 15(a).").

**III.   DISCUSSION**

At the hearing, Clements stated that he no longer seeks to compel T-Mobile to "concede to the AAA that the arbitration venue must be in Santa Clara County, California" and "concede to the AAA that California law must apply" pursuant to the arbitration agreement as requested in his original filing with this Court.  ECF No. 1 at 2.  Instead, Clements moves to amend and recast his petition as a complaint for damages challenging the formation of the arbitration agreement.

District courts have recognized that undue prejudice can occur "when the amendment includes entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a chance in the allegations of the complaint and when additional discovery is expensive and time-consuming." *See, e.g.*, *Conte v. Jakks Pac., Inc.*, 981 F. Supp. 2d 895, 909 (E.D. Cal. 2013), *aff'd*, 563 F. App'x 777 (Fed. Cir. 2014); *Luckett v. Conlan*, 561 F.Supp.2d 970, 977 (N.D. Ill. 2008).  In these situations, the prejudice arises from the assertion of new causes of action at later stages in the proceedings.  *See, e.g.*, *Graiser v. Visionworks of Am., Inc.*, No. 1:15-CV-2306, 2016 WL 4729301, at *1 (N.D. Ohio Sept. 12, 2016) ("Forcing a defendant at a late stage in the case to respond to entirely new claims with entirely new defenses is also prejudicial."); *Conte*, 981 F. Supp. at 909.  This is not the case here.  Clements initiated the present action approximately six months ago and the parties have not engaged in discovery.

T-Mobile asserts that it will be prejudiced by litigating a second action with Clements after he has already initiated arbitration.  ECF No. 26 at 4–5.  However, Clements's proposed amendments challenge the formation of the arbitration agreement.  To the extent that Clements claims no mutual assent or alteration of material terms not assented to such that the arbitration agreement never existed, this is a matter for the Court to decide.  Indeed, "a court must resolve any

1  challenge that an agreement to arbitrate was never formed, even in the presence of a delegation
2  clause." *Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1030 (9th Cir. 2022).  The parties
3  have informed the Court that the arbitration has been stayed thereby limiting any prejudice that
4  may arise from litigating two actions.

5        Turning to futility, the Court finds that this factor likewise favors granting leave to amend.
6  Futility "includes the inevitability of a claim's defeat on summary judgment," *California v. Neville*
7  *Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004), and when the amendments do not adequately plead
8  a cause of action and could not survive dismissal, *Moore v. Kayport Package Exp., Inc.*, 885 F.2d
9  531, 537 (9th Cir. 1989).  Clements's newly asserted claims hinge on: (1) which version of the
10 Terms and Conditions (the 2019 or the post-2019 terms) apply to the current dispute, and (2)
11 whether the Terms and Conditions are rescinded because (i) T-Mobile purportedly "materially
12 breached or repudiated" the Terms and Conditions by participating in a class action in the District
13 Court for the Western District of Missouri, and (ii) T-Mobile's refusal to "honor the mandatory
14 venue clause" by not agreeing to transfer venue to California in the underlying arbitration
15 proceedings.

16       First, Clements's argument that he did not "mutually assent" to the Terms and Conditions
17 relies on the terms of the 2019 Terms and Conditions which he contends are "ambiguous."
18 Clements alleges that the 2019 Terms and Conditions lacks a provision to guide conflicts between
19 the Terms and Conditions and the AAA Rules.  The 2021 Terms and Conditions state that the
20 Terms and Conditions would control in the event of conflict between the Terms and Conditions
21 and the AAA Rules.  However, the 2019 Terms and Conditions—which Clements alleges is the
22 controlling version of the Terms and Conditions—did not contain any language regarding which
23 of the two controls when there is conflict between the Terms and Conditions or the AAA Rules.
24 Clements contends that this ambiguity made it "impossible for a consumer to know what he or she
25 was agreeing to [at the time he entered the contract] regarding those areas of conflict."  ECF No.
26 29-5 ¶ 102.  As a result, Clements argues that there was a lack of mutual assent such that the
27 parties never formed a contract with the Terms and Conditions.  *Id.* ¶ 101.
28 Case No.: 5:22-cv-07512-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
5

According to T-Mobile, it is irrelevant which version of the Terms and Conditions govern because both versions compel arbitration. However, a court "should order arbitration of a dispute only where the court is satisfied that neither the formation of the parties' arbitration agreement nor (absent a valid provision specifically committing such disputes to an arbitrator) its enforceability or applicability to the dispute is in issue." *Caremark*, 43 F.4th at 1030 (quoting *Granite Rock*, 561 U.S. at 299). Thus, this issue is a matter for the Court and not an arbitrator to decide.

T-Mobile further argues that the 2019 Terms and Conditions would not control this dispute; the March 2021 version of the Terms and Conditions that Clements received as an update while he was a customer is controlling. That version provides that the Terms and Conditions control when there is a conflict with the AAA Rules. ECF No. 26 at 6. The logical inference is that Clements's claims challenging the formation of the arbitration agreement would fail, thus compelling the arbitration of the remaining proposed claims. Even so, this issue is best suited for a motion to dismiss, not a motion for leave to file an amended complaint. *Spin Master LTD v. Your Store Online*, 2010 WL 3057263, 4 (C.D. Cal., Aug. 2, 2010) ("The question of futility is better addressed on a motion to dismiss."); *Foman*, 371 U.S. at 182) ("[Plaintiffs] ought to be afforded an opportunity to test his claim on the merits.");.[1] At this stage, T-Mobile has not

---

[1] Some courts have found that amendment would be futile based on the existence of an arbitration agreement, but these cases are factually distinguishable. *Halliburton v. Henderson, Few & Co.*, 774 F.2d 441, 445 (11th Cir. 1985) (later stage of proceedings); *see also Taylor v. Shutterfly, Inc.*, No. 18-CV-00266-BLF, 2018 WL 4334770, at *2 (N.D. Cal. Sept. 11, 2018) (the court first granted motion to compel arbitration and later denied leave to amend). Other courts found futility where the claims fell within the scope of the arbitration agreement but such cases did not involve challenges to the formation of the arbitration agreement. *See, e.g.*, *LegalForce RAPC Worldwide, P.C. v. LegalZoom.com, Inc.*, No. 17-CV-07194-MMC, 2018 WL 2013552, at *1 (N.D. Cal. Apr. 30, 2018); *Mills v. Marjam Supply Co.*, No. 08-CV-5726 DMC, 2009 WL 235593, at *3 (D.N.J. Jan. 30, 2009).

Conversely, other courts have declined to deny leave to amend based on the existence of an arbitration agreement. *See, e.g.*, *Tschudy v. J.C. Penney Corp.*, No. 11-CV-1011 JM-CAB, 2011 WL 5036622, at *3 (S.D. Cal. Oct. 24, 2011) ("[T]he court would benefit from further briefing on the arbitrability issue before a decision is made. To deny leave to amend would be premature considering the dearth of information and argument the court has seen."); *LTC Now, LLC v. RelyFy Corp.*, No. 20-CV-00351-JLS-ADS, 2020 WL 13303726, at *3 (C.D. Cal. Nov. 10, 2020) ("[T]he Court need not reach the merits of Defendants' contractual interpretation here except to note that Plaintiffs' claim is based on allegations that RelyFy breached provisions of the contract that do not contain arbitration clauses, and is not so obviously covered by the arbitration clause as

Case No.: 5:22-cv-07512-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
6

1  sufficiently demonstrated that the proposed amendments would be futile such that the Court could
2  deny leave to amend.
3    Finally, T-Mobile asserts that Clements unduly delayed filing his complaint for damages
4  because he had access to the 2019 Terms and Conditions and the updated Terms and Conditions.
5  ECF No. 26 at 8.  On February 17, 2022, approximately three months after filing his original
6  petition, Clements requested additional time to either oppose T-Mobile's motion to dismiss or
7  withdraw or replace his petition after realizing he "relied upon the wrong version of the T-Mobile
8  Terms and conditions."  ECF No. 14.  He contends that he could not locate the 2019 Terms and
9  Conditions on the internet, including T-Mobile's own website, and did not become aware of the
10 differences in the terms until T-Mobile provided him with a copy of the 2019 terms on February
11 22, 2023.  As a result he moved for an additional extension to respond, withdraw, or replace his
12 petition by March 25, 2023.
13   Although Clements did not file his amended complaint until March 31, 2023 (ECF No. 25)
14 as a separate exhibit, he requests that the amended complaint "relates back" to his motion for leave
15 to amend, which was filed on March 27, 2023.  ECF No. 23.  In the interests of justice, and
16 because Clements has not previously sought leave to amend and there is no evidence of bad faith,
17 the Court will accept Clements's untimely filing.

## IV.    CONCLUSION

Clements's Motion for Leave to File an Amended Complaint, including recasting the petition as a complaint, is **GRANTED**.  Clements shall recast his petition and file an amended complaint accompanied by a cover sheet on or before **May 22, 2023**.  The recast complaint will supersede the original petition (ECF No. 1) and the documents filed in support thereof.  *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

This Order **DENIES AS MOOT** the original petition to compel arbitration (ECF No. 1) and Defendant's motion to dismiss the original petition (ECF No. 11).

---

to be deemed "futile" at this stage.").
Case No.:  5:22-cv-07512-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
7

1    Failure to fully and timely comply with the Court's Order may result in the dismissal of
2    this action.
3    **IT IS SO ORDERED.**
4    Dated: May 17, 2023

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-07512-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
8