UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRADFORD ARTHUR CLEMENTS, <br> Plaintiff, <br> v. <br> T-MOBILE USA, INC, et al., <br> Defendants. | Case No. 5:22-cv-07512-EJD <br><br> **ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DISMISS** <br><br> Re: Dkt. No. 37 |

Plaintiff, Branford Clements ("Clements"), filed this data breach action against Defendant, T-Mobile USA, Inc., et al. ("T-Mobile"), alleging claims arising under various California consumer protection and privacy statutes, common law torts, and the Stored Communications Act ("SCA"). First Am. Compl. ("FAC"), ECF No. 35. Before the Court is T-Mobile's unopposed motion to compel arbitration and dismiss. Def.'s Mot. to Compel Arbitration and to Dismiss ("Mot."), ECF No. 37.

Having carefully reviewed the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Court **GRANTS** T-Mobile's motion to compel arbitration and dismiss.

I.   **BACKGROUND**

While he was a T-Mobile customer, Clements alleges that his data was stolen during multiple cyberattacks, causing him to suffer identify theft and unauthorized purchases on his credit card. *See, e.g.,* FAC ¶ 10. As a result, pursuant to an arbitration provision in T-Mobile's Terms and Services ("Arbitration Agreement"), Clements filed a consumer arbitration claim in Texas with the American Arbitration Association ("AAA"). Mot. 12. According to the most recent

1  update from the Parties, no arbitrator has been appointed in the Texas arbitration, and the

2  arbitration has been held in abeyance.  Order Granting Mot. for Leave to File Am. Compl. 3, ECF

3  No. 34.

4        Clements originally filed this action on November 30, 2022, as a petition to enforce his

5  Arbitration Agreement with T-Mobile and compel a change of venue for his arbitration case from

6  Texas to California.  *See* Pl.'s Petition to Compel Arbitration ("Pet."), ECF No. 1.  T-Mobile filed

7  a motion to dismiss the original petition on February 3, 2023.  ECF No. 11.  The Court granted

8  Clements's request to extend his deadline to file a response to T-Mobile's motion to dismiss.

9  ECF No. 16.  However, Clements failed to file a response by the extended March 25, 2023,

10  deadline.  Instead, two days after his deadline had passed, Clements filed a motion for leave to file

11  a first amended complaint, seeking to change his original petition to enforce arbitration into a

12  complaint for damages.  Pl.'s Mot. for Leave to File Am. Compl. ("Mot. for Leave"), ECF No. 23.

13  Despite his failure to comply with the Court's briefing schedule order, the Court exercised

14  leniency and granted Clements's motion for leave to file a first amended complaint on May 17,

15  2023.  *See* Order Granting Mot. for Leave to File Am. Compl.  Notably, Clements also failed to

16  timely file his FAC in accordance with the Local Rules, but the Court again exercised leniency

17  and accepted Clements's filing.  *Id.*

18        Clements amended and recast his original petition, this time challenging the formation of

19  the arbitration agreement and contending that the Arbitration Agreement contains material

20  ambiguities resulting in a lack of mutual assent.  FAC ¶¶ 101–07.  Clements also contends that the

21  Arbitration Agreement is rescinded based on T-Mobile's material breach or repudiation.  *Id.* ¶¶

22  108–16.

23        At the time of Clements's activation and purchase, T-Mobile's June 2, 2019, Terms and

24  Conditions ("2019 Terms and Conditions") were in effect.  The 2019 Terms and Conditions

25  included an Arbitration Agreement providing in part that "any and all claims or disputes in any

26  way related to or concerning the agreement, our privacy notice, our services, devices or products .

27  . . will be resolved by binding arbitration or in small claims court."  Pet., Ex. 1, ECF No. 1-1.  The

28  Case No.:   5:22-cv-07512-EJD
ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DISMISS
2

United States District Court
Northern District of California

1    Arbitration Agreement stated that customers may choose to opt out of the mandatory arbitration

2    procedures within thirty days from the date of purchase or activation.  *Id.*  T-Mobile updated its

3    Terms and Conditions on March 1, 2021 ("2021 Terms and Conditions").  The 2021 Terms and

4    Conditions contained the same arbitration clause language quoted above, while adding a

5    governing law provision stating that the "[a]greement is governed by the Federal Arbitration Act,

6    applicable federal law, and the laws of the state or jurisdiction in which your billing address in our

7    records is located, without regard to the conflicts of laws rules of that state or jurisdiction."

8    Declaration of Christopher Muzio ("Muzio Decl."), Ex. C, at 29, ECF No. 37-2.  T-Mobile

9    informed all primary account holders of the new 2021 Terms and Conditions view email, text, and

10   billing statements, which stated that customers will have agreed to the updated terms by using the

11   service after the effective date.  Muzio Decl. ¶¶ 8–9.

12       Clements's FAC essentially alleges that the Parties never formed a contract in 2019 due to

13   lack of mutual assent to the Terms and Conditions because the 2019 version does not specify

14   whether the Terms and Conditions or the AAA Rules control when there is a conflict—unlike the

15   current version of the Terms and Conditions, which provides that T-Mobile's terms control when

16   there is a conflict with the AAA Rules.

17       T-Mobile filed the present motion to compel arbitration and dismiss in response to

18   Clements's FAC.  *See* Mot.  Clements was required to file a response by June 19, 2023.  ECF No.

19   37.  Clements failed to file a response by June 19, 2023, or seek an extension to his filing deadline.

20   On December 11, 2023, approximately six months after Clements's filing deadline had passed, the

21   Court took the unopposed motion under submission.  ECF No. 43.

22   **II.   LEGAL STANDARD**

23       The Parties do not dispute that the Federal Arbitration Act ("FAA") governs the

24   Arbitration Agreement here.  The FAA declares "that a written agreement to arbitrate . . . 'shall be

25   valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the

26   revocation of any contract,'" and thereby establishes a "liberal federal policy favoring arbitration."

27   *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (quoting 9 U.S.C. §

28   Case No.:   5:22-cv-07512-EJD
ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DISMISS
3

2). Where parties enter into an arbitration agreement, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Any doubts must be resolved in favor of arbitration. *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003). In determining whether to compel a party to arbitrate, the court must determine: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (internal quotation marks and citation omitted). If both are answered in the affirmative, the court must compel arbitration. 9 U.S.C. §§ 2–4.

### III.   DISCUSSION

#### A.   Request for Judicial Notice

As an initial matter, T-Mobile requests that the Court take judicial notice of the 2019 and 2021 Terms and Services agreements, as well as notices from T-Mobile regarding both agreements. Request for Judicial Notice, ECF No. 37-3. Clements has not opposed this request.

A court may take judicial notice of facts that are not subject to reasonable dispute because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court may also utilize the "incorporation by reference" doctrine in motions to dismiss to consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (internal quotation marks omitted).

Here, the FAC centers around Clements's contractual relationship with T-Mobile under the 2019 and 2021 Terms and Conditions. Clements also directly cites to both the 2019 and 2021 Terms and Conditions in his original petition to compel arbitration and motion for leave to file the first amended complaint. As such, the authenticity of the agreements and notices regarding the

Case No.: 5:22-cv-07512-EJD
ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DISMISS
4

1   agreements cannot reasonably be questioned.  Therefore, the Court **GRANTS** T-Mobile's request
2   for judicial notice.

### B. Failure to Prosecute or Comply with Court Orders

To begin, the lack of any written opposition raises the issue of whether this action should be dismissed for failure to prosecute or comply with a court order under Federal Rule of Civil Procedure 41(b).  Fed. R. Civ. P. 41(b); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

A failure to file an opposition to a motion to dismiss as required by a district court's local rules can constitute grounds for dismissal under Rule 41(b).  *See Espinosa v. Washington Mut. Bank*, No. C 10-04464 SBA, 2011 WL 334209, at *1 (N.D. Cal. Jan. 31, 2011); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").  "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Having carefully considered the relevant factors, the Court concludes that they favor the dismissal of the action.

As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (holding that the plaintiff's failure to comply with a minute order setting forth the deadline to file the amended complaint gave the district court the discretion to dismiss the case under Fed. R. Civ. P. 41(b)), *superseded by statute on other grounds as recognized in Martinez v. Bruce P.*, Case No.: 1:22-cv-01134 JLT-SKO, 2023 WL 5488343, at *1 (E.D. Cal. Aug. 24, 2023).

The second factor also tips the balance in favor of dismissal. The Court must be able to manage its docket "without being subject to routine noncompliance of litigants." *Pagtalunan*, 291

Case No.: 5:22-cv-07512-EJD
ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DISMISS
5

1  F.3d at 642; *see also Ferdik*, 963 F.2d at 1261 (noting that a litigant's non-compliance with rules
2  and orders diverts "valuable time that [the court] could have devoted to other major and serious
3  criminal and civil cases on its docket"). Here, Clements has repeatedly failed to comply with the
4  Court's orders or Local Rules. First, Clements missed his extended deadline to file a response to
5  T-Mobile's first motion to dismiss the original petition. *See* ECF No. 16. Regardless, the Court
6  exercised leniency in allowing Clements to file an amended complaint. Second, Clements's FAC
7  filing was untimely. Order Granting Mot. for Leave to File Am. Compl. 34. The Court again
8  exercised leniency for this error in its Order granting Clements's request to amend. *Id.* ("Although
9  Clements did not file his amended complaint until March 31, 2023 (ECF No. 25) as a separate
10 exhibit . . . . [i]n the interests of justice, and because Clements has not previously sought leave to
11 amend and there is no evidence of bad faith, the Court will accept Clements's untimely filing.").
12 Third, Clements arbitrarily filed a document titled "Case Management Statement" with no case
13 management hearing scheduled and no motion to schedule a case management conference. ECF
14 No. 42. Clements's "Case Management Statement" was not a properly noticed motion filed in
15 compliance with the Local Rules and therefore did not trigger a briefing schedule that would have
16 allowed T-Mobile the opportunity to respond. *See* N.D. Cal. Local Rule 7-11. As such, Clements
17 was not entitled to a response from the Court for this "Case Management Statement," therefore the
18 Court did not address the erroneous filing.[1] Finally, instead of filing a timely opposition to this

---

[1] Pursuant to Local Rule16-10(c), the Court may schedule subsequent case management conferences during the pendency of an action either sua sponte or in response to a stipulated request or motion. Pursuant to Rule 7-11, motions for administrative relief, including requests to schedule a case management conference, must follow the requirements of Rule 7-11, i.e., the party must file a properly noticed motion and proposed order. Other parties have the opportunity to file any opposition to or support for the motion for administrative relief no later than four days after the motion has been filed. L.R. 7-11(b). A motion for administrative relief is deemed submitted for immediate determination without hearing on the day after the opposition is due. *Id.* at 7-11(c).

Here, Clements did not file a stipulated request for a case management conference or a motion pursuant to Rule 7-11. Instead, Clements filed a document labeled "Case Management Statement," in which he requested that the Court set a case management conference and indicated that the parties were engaged in a discovery dispute. This is an improper filing under the Local Rules. Case management statements are intended to be filed in advanced of an already scheduled case management conference, not as a means to schedule a case management conference. L.R. 16-9(a).

1    motion, Clements instead filed a "Notice" shortly after the Court took the matter under

2    submission. ECF No. 44. This "Notice" did not request any specific form of relief from the

3    Court, but rather suggested that Clements failed to file a timely opposition because the Court had

4    not addressed his improper "Case Management Statement" filing, and the parties were engaged in

5    a discovery dispute. *Id.* While the Court may give leeway to pro se parties in similar instances,

6    Clements presents himself as an attorney licensed in both California and Texas, and therefore the

7    Court holds Clements to the same standards as other attorneys who appear before it.

8          Similarly, the third factor weighs strongly in favor of dismissal. Clements has offered no

9    valid justification for his failure to file an opposition to this motion. Clements's "Notice"

10   discussing discovery disputes was wholly devoid of any circumstances that would have prevented

11   him from filing an opposition in this motion to dismiss, or alternatively filing a request to extend

12   his deadline to file a response. Thus, the Court can discern no unique instances of prejudice to

13   Clements outside of the dismissal of this case. *See Espinosa*, 2011 WL 334209, at *2.

14         As to the fourth factor, the Court has considered whether to issue an order to show cause

15   prior to dismissal. However, considering that Clements has demonstrated a pattern of non-

16   compliance, and the Court has already exercised repeated leniency regarding Clements's filing

17   deadlines, the Court finds it unnecessary and inequitable to permit Clements another opportunity

18   to comply.

19         For the fifth factor, though the public policy favoring disposition of cases on their merits

20   often weighs against dismissal, it is overridden here by the cumulative weight of the preceding

21   four factors. *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal of action where three of the

22   five factors weighed in favor of that result). Further, Clements had already filed an arbitration

23   action in Texas raising these same claims prior to initiating this action, thus the dismissal of this

24   action will not impact his ability to proceed on the merits in arbitration. Pet., Ex. at ECF 1-11.

25         Therefore, the Court **GRANTS** T-Mobile's motion for his failure to prosecute this case or

26   comply with court orders.

27

28   Case No.: 5:22-cv-07512-EJD
ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DISMISS
7

### C. Motion to Compel Arbitration

However, even if the Court did not find dismissal warranted under Federal Rule of Civil Procedure 41(b), the Court also dismisses because Clements is required to arbitrate his claims.[2]

#### 1. Valid Agreement to Arbitrate

While Clements made no arguments in response to this motion to dismiss, in his motion for leave to amend, he argued that his amended complaint alleges facts that he did not mutually assent to the 2019 Terms and Conditions which he contends are ambiguous, therefore the arbitration provision is invalid.  *See* Mot. for Leave.  In his FAC, Clements alleges that the 2019 Terms and Conditions are ambiguous because it lacks a provision to guide conflicts between the Terms and Conditions and the AAA Rules.  FAC ¶¶ 100–07.  While the 2021 Terms and Conditions state that the Terms and Conditions would control in the event of conflict between the Terms and Conditions and the AAA Rules, the 2019 Terms and Conditions—which Clements alleges is the controlling version of the Terms and Conditions[3]—did not contain any language regarding which of the two controls when there is conflict.  Clements alleges that this ambiguity made it impossible for a consumer to know what they were agreeing to regarding those areas of conflict at the time they signed the contract.  *Id.*

When assessing whether an arbitration agreement is enforceable, "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied . . . without contravening [the FAA]."  *Heredia v. Sunrise Senior Living LLC*, No. 18-cv-00616-HSG, 2018 WL 5734617, at *2 (N.D. Cal. Oct. 31, 2018) (internal quotation marks omitted) (quoting *Doctor's Assoc., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)).  Thus, the "state-law principles that govern the formation of contracts" apply to this analysis. *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 994 (9th Cir. 2010); *see also Reichert v. Rapid Invs., Inc.*, 56 F.4th 1220, 1227 (9th Cir. 2022) (stating

---

[2] To the extent that Clements claims no mutual assent or alteration of material terms not assented to such that the arbitration agreement never existed, this is a matter for the Court to decide. Indeed, "a court must resolve any challenge that an agreement to arbitrate was never formed, even in the presence of a delegation clause." *Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1030 (9th Cir. 2022).

[3] The Court does not reach a conclusion regarding which Terms and Conditions control the dispute.  That issue must be properly raised before the arbitrator.

Case No.: 5:22-cv-07512-EJD
ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DISMISS
8

1  that district courts apply "ordinary state-law principles that govern the formation of contracts' in
2  analyzing arbitration agreements).

3  "Under California law, mutual assent is a required element of contract formation." *Knutson v. Sirius XM Radio, Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). "Mutual assent requires, at a minimum, that the party relying on the contractual provision establish that the other party had notice and gave some indication of assent to the contract." *Jackson v. Amazon.com, Inc.*, 65 F.4th 1093, 1099 (9th Cir. 2023). Mutual assent may be manifested in several ways—in writing, through speech or by conduct—and "may be implied through action or inaction." *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). However, "an offeree, regardless of apparent manifestation of his consent, is not bound by inconspicuous contractual provisions of which he was unaware, contained in a document whose contractual nature is not obvious." *Windsor Mills, Inc. v. Collins & Aikman Corp.*, 25 Cal. App. 3d 987, 993 (Cal. Ct. App. 1972). "This principle of knowing consent applies with particular force to provisions for arbitration." *Id.* "If a party wishes to bind in writing another to an agreement to arbitrate future disputes, such purpose should be accomplished in a way that each party to the arrangement will fully and clearly comprehend that the agreement to arbitrate exists and binds the parties thereto." *Com. Factors Corp. v. Kurtzman Bros.*, 131 Cal.App.2d 133, 136 (Cal. Ct. App. 1955) (internal quotation marks and citation omitted).

Here, it is clear that Clements expressed a mutual assent to arbitrate. He signed the 2019 Terms and Services, which stated in clear and bold language that any and all disputes related to the agreement, privacy notice, services, devices, or products are subject to arbitration. *See* Pet., Ex. 1. Clements does not allege that he was unaware of the Arbitration Agreement or unaware that it bound him to arbitration. Clements also does not allege that the Arbitration Agreement was procedurally or substantively unconscionable. Indeed, Clements declined to opt-out of the Arbitration Agreement in the 2019 Terms and Services, continued services after receiving the revised 2021 Terms and Services, and initiated his own arbitration against T-Mobile in Texas. The 2019 Terms and Services' failure to contain language regarding which law controls when

Case No.: 5:22-cv-07512-EJD
ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DISMISS
9

there is a conflict in arbitrating the underlying claims does not change the fact that Clements fully and clearly comprehended that the agreement to arbitrate existed and bound the parties. *See Knutson*, 771 F.3d at 566 (quoting *Factors Corp.*, 131 Cal. App. 2d at 136). Any dispute regarding which law controls the claims underlying the arbitration action is properly decided by the arbitrator.

### 2. Claims Within the Scope of the Arbitration Agreement

Clements's FAC does not allege that his claims fall outside the scope of the Arbitration Agreement. Regardless, upon review of the Arbitration Agreement, the Court finds that Clements's claims fall squarely within the scope of the Arbitration Agreement. The Arbitration Agreement is broad, encompassing all disputes with T-Mobile "in any way related to or concerning" the Arbitration Agreement with T-Mobile, devices or services provided by T-Mobile, or T-Mobile's privacy policy. Pet., Ex. 1, ECF No. 1-1. All of Clements's claims in his FAC hinge on T-Mobile's alleged failure to implement reasonable measures to protect the data that Clements provided in connection with the contract with T-Mobile and therefore fall within the scope of the Arbitration Agreement.

## D. Recission

The Court will also briefly note Clements's allegation that T-Mobile rescinded the entire Arbitration Agreement by participating in a class action settlement in the Federal District Court for the Western District of Missouri. FAC ¶¶ 108–16. Clements alleges that by participating in this Missouri class action settlement, T-Mobile breached the class action waiver in Clements's Arbitration Agreement, thereby rescinding the entire Arbitration Agreement. *Id.* ¶ 111. Clements does not allege to be a class member or allege any of the underlying facts of the Western District of Missouri action. Clements has failed to show how T-Mobile's class action litigation with parties who are not a member to the contract between Clements and T-Mobile bears any relevance to this matter. Thus, the Court declines Clements's invitation to invalidate the Arbitration Agreement on this ground.

\* \* \*

Case No.: 5:22-cv-07512-EJD
ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DISMISS
10

Therefore, the Court finds that the Arbitration Agreement is valid and encompasses the claims at issue and **GRANTS** T-Mobile's motion to compel arbitration.

IV. **CONCLUSION**

For the foregoing reasons, T-Mobile's motion to compel arbitration and dismiss this action is **GRANTED**.

**IT IS SO ORDERED.**

Dated: January 18, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-07512-EJD
ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DISMISS
11