UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADFORD ARTHUR CLEMENTS,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC, et al.,<br><br>Defendants. | Case No. 22-cv-07512-EJD  (SVK)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 45 |

Before the Court is Plaintiff Clements' ("Plaintiff" or "Clements") motion for discovery sanctions ("Sanctions Motion") against Defendant T-Mobile US, Inc. ("Defendant" or "T-Mobile"), which the Honorable Edward J. Davila referred to the undersigned. Dkt. 45, 51. The Court has reviewed the Parties' briefs, the relevant litigation history and case law and determines that this matter may be resolved without oral argument. Civ. L.R. 7(1)-b.  For the reasons set forth more fully below, Plaintiff's request for sanctions is **DENIED** as procedurally improper under Federal Rule of Civil Procedure ("Rule") 37 and untimely under the Northern District's Civil Local Rule ("Civ. L.R.") 7-8(c).  Plaintiff's other miscellaneous requests for relief are **DENIED** for the reasons stated herein.

**I.   INTRODUCTION**

Plaintiff's Sanctions Motion arises out of T-Mobile's discovery responses served on August 28, 2023 ("August Responses") and supplemental responses served on October 17, 2023 ("October Responses").  Plaintiff complains that the August Responses are incomplete and unverified; T-Mobile failed to meet and confer regarding the August Responses; T-Mobile delayed supplementing its responses until October 17, 2023; and the October Responses are unverified. Plaintiff did not move to compel further discovery responses from T-Mobile but filed this Sanctions Motion on January 3, 2024.  Plaintiff now asserts that T-Mobile's discovery delay

prevented him from preparing an opposition to T-Mobile's motion to compel arbitration and dismiss ("Motion re Arbitration;" Dkt. 37) by the filing deadline of November 15, 2023. Plaintiff's sanctions Motion seeks a wide range of relief against T-Mobile, including deeming allegations in the First Amended Complaint admitted, precluding defenses, and payment of expenses. Plaintiff also seeks to compel verified responses and requests additional time to oppose T-Mobile's Motion re Arbitration. Dkt. 45 at 1, 12-16. On January 19, 2024, the Honorable Edward J. Davila granted T-Mobile's Motion re Arbitration. Dkt. 53. Plaintiff has filed motions for reconsideration and to vacate that order, which are pending before Judge Davila. Dkt. 56, 58.

## II.     RELEVANT BACKGROUND

This case has an extensive procedural history. For purposes of this motion, the relevant dates and events are as follows:

| DATE | EVENT |
|---|---|
| 7/28/23 | Plaintiff serves discovery requests on T-Mobile:<br>    Interrogatories Dkt. 45-5;<br>    Requests for Admission Dkt. 45-6;<br>    Requests for Production Dkt. 45-7. |
| 8/2/23 | Court enters case management order (Dkt. 41), including briefing schedule for T-Mobile's Motion re Arbitration and schedule for arbitration-related discovery:<br>    First round of discovery responses from T-Mobile due 8/28/23;<br>    Second set discovery to be served 9/18/23;<br>    T-Mobile second set responses due: 10/18/23. |
| 8/28/23 | T-Mobile responds to Plaintiff's discovery requests and produces documents. Dkt. Nos. 45-10; 45-11; 45-12. |
| 8/28/23 | Plaintiff emails T-Mobile regarding discovery responses and requests meet and confer. T-Mobile does not respond. |
| 9/13/23 | Plaintiff sends second email to T-Mobile. *See* Dkt. 45-14 for all correspondence between the parties up to 10/17/23. |
| 10/17/23 | T-Mobile serves supplemental responses and produces documents. Dkt. 45-15. |
| 11/15/23 | Plaintiff's opposition to T-Mobile's Motion re Arbitration due but not filed. |
| 1/3/24 | Plaintiff files Motion for Sanctions ("Sanctions Motion") Dkt. 45. |
| 1/18/24 | Order referring Sanctions Motion to Magistrate Judge van Keulen. Dkt. 51. |

| | |
|---|---|
| 1/19/24 | Amended Order to Compel Arbitration and Dismiss ("Order re Arbitration"). Dkt. 53. |
| 2/7/24 | Plaintiff files motion for reconsideration of Order re Arbitration. Dkt. 56. |
| 2/12/24 | Plaintiff files motion to vacate Order re Arbitration. Dkt. 58. |

### III.  DISCUSSION

At the outset, it is significant to note that Plaintiff, although representing himself *pro se*, is an experienced litigator.  *See* Declaration of Clements (Dkt. 45-1) ¶ 42.  As such, Judge Davila has determined that Plaintiff is to be held to the same standards as other attorneys who appear before the Court, including the demands of the Rules of Civil Procedure and this Court's Civil Local Rules.  Dkt. 53 at 7.  The undersigned follows suit and further notes that Civil Local Rule 3-9(a) provides that even a pro se litigant "is bound by the Federal Rules, as well as by all applicable local rules.  Sanctions (including default or dismissal) may be imposed for failure to comply with local rules."  Accordingly, Plaintiff's Sanctions Motion must comply with the Federal Rules and the Local Rules.

### A.  Relevant Legal Standards

Plaintiff moves for sanctions pursuant to Federal Rule of Civil Procedure ("Rule") 37(a), 37(b) and 37(d).  Dkt. 45 at 9, 13.  Plaintiff also moves pursuant to Rule 26(g), Rule 16 and this Court's inherent authority.  Dkt. 45 at 13.  In relevant part, the Rules and authority Plaintiff invokes provide as follows:

- Rule 37(a) provides the basis for an order compelling discovery responses;
- Rule 37(b) provides for sanctions when a party fails to comply with a court order, including orders arising under Rule 26(f), 35 or 37(a);
- Rule 37(d) provides for sanctions when a party fails to respond to discovery;
- Rule 26(g) requires that discovery responses be signed by counsel of record;
- Rule 16 addresses pretrial conferences, case schedule and management;  and
- The Court has inherent authority to sanction a party that has either willfully disregarded a court order or acted in bad faith.  *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021).

### B. Plaintiff's Request for Sanctions based upon T-Mobile's August Responses and Failure to Meet & Confer

On July 28, 2023, Plaintiff served Interrogatories, Requests for Production and Requests for Admission. Dkt. 45-5, 45-6, 45-7. On August 28, 2023, T-Mobile served the August Responses, as directed by the CMO. Dkt. 45-10, 45-11, 45-12. This Court has reviewed T-Mobile's responses and confirms that they consist of a combination of substantive information and objections. For example, in response to Plaintiff's ten interrogatories, T-Mobile responded substantively to nos. 1, 2, 3, 4 and 10; T-Mobile objected and responded to nos. 5, 6, and 9; and to Interrogatories 7 and 8, T-Mobile responded only with objections. Dkt. 45-10. T-Mobile's responses to the Requests for Production and Requests for Admission reflect a similar mix. Dkt. 45-12, 45-11, respectively. The Court also confirms that the August Responses are signed by counsel of record, Deborah Yoon Jones, but not verified by T-Mobile. *Id.*

Upon receipt of the August Responses, Plaintiff immediately reached out to T-Mobile to engage in meet & confer efforts. Dkt. 45-9. During the period late-August through September, 2023, T-Mobile either deflected Plaintiff's inquiries or ignored them altogether. Dkt. 45-1 ¶ 27; Dkt. 45-14 (T-Mobile email responses of 9/15/23 and 9/18/23). T-Mobile supplemented its written responses and produced documents on October 17, 2023 ("October Responses"), 50 days after its initial response date.

Based upon the foregoing, Plaintiff moves for sanctions under Rule 37(b) and 37(d). Dkt. 45 at 9. In support of sanctions under 37(b), which provides for sanctions when a party violates a court order, Plaintiff points the CMO. Plaintiff argues that T-Mobile "blatantly disregarded its first and most important deadline" under the CMO by submitting responses "that it presently knew were incomplete and evasive . . . ." Dkt. 45 at 10-11. However, responding to discovery requests with not only substantive information but also objections is a "response" under the Rules. *See* Rule 33(b); Rule 34(b); Rule 36(a). Contrary to Plaintiff's reasoning, a claim that responses are incomplete does not render them non-existent. Plaintiff's challenge under Rule 37(d), which provides for sanctions when a party fails to respond to interrogatories, fails for similar reasons.

4

If Plaintiff believed he was entitled to responses that were more substantive, in addition to the missing verification, then the appropriate next step would have been to bring a motion to compel pursuant to Rule 37(a) and Civ. L.R. 37. Such a motion, if prepared in accordance with Rule 37(a) and Civ. L.R. 37, would have provided the Court a timely understanding as to how and where T-Mobile's responses were "incomplete and evasive," as Plaintiff argues, and highlighted the missing verifications. Further, where, as here, the responding party would not engage in meet and confer efforts, both Rule 37(a) and Civ. L.R. 37 allow counsel to raise issues with the Court and to seek sanctions.[1]

### C. Plaintiff's Request for Sanctions based upon T-Mobile's October Responses

Plaintiff also seeks sanctions pursuant to Rule 37(a), Rule 26(g) and Rule 16 for T-Mobile's delayed and unverified supplemental responses. Dkt. 45 at 13-15. Because supplemental responses supersede original responses, *see Gavin v. Hilton Worldwide, Inc.*, No. 12-cv-00307-CRB (NJV), 2013 WL 1915612, at *1 n.1 (N.D. Cal. May 8, 2023), Plaintiff's Sanctions Motion, and this Court, focus on T-Mobile's October Responses. Significantly, Plaintiff articulates no specific substantive complaints about the quality and content of the October Responses or T-Mobile's production of documents. *See* Dkt. 45.

Rule 37(a) speaks to motions to compel discovery responses and the sanctions available if such a motion is granted. Here, Plaintiff did not move to compel responses and therefore cannot avail himself of Rule 37(a)'s remedies. Rule 26(g) sets forth the requirement that discovery responses be signed by counsel of record. T-Mobile's responses are signed by counsel, therefore this Rule is similarly unavailable as a ground for sanctions. Rule 16 addresses in relevant part scheduling orders set by the Court. Plaintiff's reference to this Rule appears to be another approach to argue that T-Mobile violated the CMO with incomplete responses. As explained above, T-Mobile served written responses to Plaintiff's discovery requests. Plaintiff's complaints about those responses should have come to the Court via a timely motion to compel. Rule 37(a);

---

[1] Plaintiff's complaint that T-Mobile refused to meet and confer following the August 28 Responses is well taken. T-Mobile's behavior in this regard is in no way condoned by the Court by denial of this motion.

5

Civ. L.R. 37. All Plaintiff had to do was read the applicable rules, as is required of all attorneys and pro se litigants appearing before this Court.

### D. Plaintiff's Request for Sanctions Based Upon This Court's Inherent Authority

Plaintiff asks this Court to exercise its inherent authority to sanction T-Mobile for discovery misconduct. Dkt. 45 at 14. The Court may exercise its inherent authority to sanction misconduct only where a party willfully disobeys a court order or acts in bad faith. *Rousseau*, 985 F.3d at 1090. A finding bad faith "requires proof of bad intent or improper purpose." *Id*. Further, the Ninth Circuit requires that when a court imposes sanctions based on bad faith, "the court must make an *explicit finding* that the sanctioned party's conduct 'constituted or was tantamount to bad faith.'" *Id.* (emphasis added and citation omitted).

Here, Plaintiff's request is based upon "T-Mobile's and its counsel's demonstrated bad faith." Dkt. 45 at 14. Though Plaintiff does not connect the dots, the Court infers that in this context "bad faith" refers to the content of the August responses, T-Mobile's failure to meet and confer despite multiple requests, the delay in providing the October Responses and the failure to verify the October Responses. While T-Mobile should have promptly responded to Plaintiff's request to meet and confer and engaged in substantive, constructive discussions to address his concerns, the record before this Court does not support a finding of bad faith based upon either the August Responses or delayed October Responses, including the lack of verifications. Here, T-Mobile did supplement its responses in the October Responses, and Plaintiff has raised no substantive complaint about those responses. As a result, the record before the Court does not support a finding of bad faith as required by *Rousseau*.

### E. Plaintiff's Sanctions Motion is Untimely

This District's rules require that a motion for sanctions be brought "as soon as practicable after . . .learn[ing] of the circumstances" that call for the motion. Civ. L.R. 7-8. The Sanctions Motion was filed on January 3, 2024, more than 4 months after the August 28 responses and 2 ½ months after the October responses. Yet, Plaintiff offers no viable reason as to why he did not move to compel on these issues in either September or October, especially if Plaintiff believed, as

6

1   he suggests, that the timing and substance of T-Mobile's responses impeded his ability to file an
2   opposition to the pending Motion re Arbitration by November 15, 2023.  *See* Dkt. 45 at 11.
3       Plaintiff attempts to argue excusable neglect, pointing to two communications with the
4   Court, neither of which satisfy Civ. L.R. 7-8.  First, in his declaration filed in support of the
5   Sanctions Motion, Plaintiff cites his unsolicited "Request for Case Management Conference" as
6   his attempt to "get T-Mobile's discovery abuse before the Court."  Dkt. 45-1 ¶ 32, referencing
7   Dkt. 42.  In the Order re Arbitration, Judge Davila found that Plaintiff's "Request for Case
8   Management Conference" was an improper request, in violation of L.R. 7-11 and 16-10(c).  This
9   Court agrees.  As noted above, Plaintiff is an attorney and is held to the same standards as
10  attorneys appearing before this Court, which includes familiarity this Court's Civil Local Rules.
11  Dkt. 53 at 7; *see also* Civ. L.R. 11-4(2).  Second, Plaintiff points to an email to Judge Davila's
12  chambers on October 18, 2023.  Dkt. 45-1 ¶ 35.  For similar reasons, such a communication is in
13  no way a proper motion for sanctions under Rule 37 or Civ. L.R. 7.
14      In sum, Plaintiff had ample time to read the Rules and the Civil Local Rules and to act in
15  advance of his November 15 deadline; Plaintiff failed to do so.  Accordingly, this Sanctions
16  Motion is **DENIED** as untimely.

### F. Plaintiff's Motion to Compel Verified Interrogatory Responses is Untimely

Civ. L.R. 37-3 provides that the deadline to bring a motion to compel discovery responses is seven days from the close of discovery, which is defined in Civ. L.R. 37-1 as "the date by which all responses to written discovery are due."  Here the last day for T-Mobile to respond to discovery was October 18, 2023.  Accordingly, Plaintiff's deadline to bring a motion to compel further responses, including verifications, was October 25, 2023.  Plaintiff's out-reach to chambers, discussed above, was in no way a motion to compel.  Plaintiff had only to read the rules but failed to do so.  Plaintiff's motion to compel is **DENIED** as untimely.

### G. Plaintiff's Request for Discovery and an Extension of Time to Oppose the Motion re Arbitration is Terminated

Plaintiff's request in the Sanctions motion for discovery and another opportunity to oppose

7

1  T-Mobile's Motion re Arbitration is currently pending before Judge Davila in Plaintiff's motions
2  for reconsideration and to vacate the Order re Arbitration.  Dkt. 56; Dkt. 58.  Accordingly, these
3  requests before the undersigned are **TERMINATED**.

**SO ORDERED.**

Dated: March 4, 2024

_____
SUSAN VAN KEULEN
United States Magistrate Judge