UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRADFORD ARTHUR CLEMENTS,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC, et al.,<br><br>Defendants. | Case No.   5:22-cv-07512-EJD<br><br>**ORDER DENYING RELIEF FROM PRIOR ORDER; GRANTING MOTION FOR EXTENTION OF TIME TO FILE REPLY; TERMINATING MOTION TO INCREASE PAGE LIMITATION**<br><br>Re: Dkt. No. 56, 57, 58, 64 |

Plaintiff, Bradford Arthur Clements, has filed two motions seeking relief from the Court's January 19, 2024, Order ("Prior Order") granting T-Mobile's motion to compel arbitration and dismiss this case. Mot. for Recon., ECF No. 56; Mot. to Vacate, ECF No. 58; *see also* Order Granting Motion to Dismiss ("Prior Order"), ECF No. 53. Defendants, T-Mobile US, Inc., and T--Mobile USA, Inc., ("T-Mobile"), filed an opposition to the motion to vacate, and Clements filed a reply. Opp'n, ECF No. 62; Reply, ECF No. 66. Clements also filed two related administrative motions to increase page limitations and to extend his time to file a reply in support of his motion to vacate. Mot. to Increase Page Count, ECF No. 57; Mot. for Extension of Time, ECF No. 64.

Upon careful review of the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-1(b). For the reasons explained below, the Court **DENIES** Clements's motions for reconsideration and vacatur of the Prior Order, **GRANTS** Clements's motion for extension of time to file a reply, and **TERMINATES** as moot Clements's motion for increased page limits.

Case No.: 5:22-cv-07512-EJD
ORDER DENYING RELIEF FROM PRIOR ORDER
1

## I. BACKGROUND

On January 19, 2024, the Court issued an Order granting T-Mobile's motion to compel arbitration and dismiss.[1] *See* Prior Order. The Court found that the 2019 Arbitration Agreement between Clements and T-Mobile was valid, and the claims asserted in Clements's amended complaint fell within the scope of the Arbitration Agreement. *Id.* at 8–11. Though Clements did not file an opposition, the Court considered and rejected Clements's invalidity arguments raised in his complaint and prior filings—namely, the Court rejected Clements's argument that he did not mutually assent to the 2019 Arbitration Agreement given that it lacked a provision to guide conflicts between the Terms and Conditions and the American Arbitration Association ("AAA") Rules. *Id.* The Court examined the Arbitration Agreement, as well as relevant Ninth Circuit and California state law authority, and found that the lack of provision guiding conflicts of law did not render the Arbitration Agreement invalid for lack of mutual assent. *Id.*

As indicated above, Clements did not file an opposition to T-Mobile's motion. Clements also did not request leave to file an untimely opposition before the Court issued its Prior Order. As the Prior Order examined in great length, given Clements's repeated delays, procedural errors, and lack of an opposition, the Court also found dismissal appropriate under Rule 41(b) upon consideration of the five *Pagtalunan* factors. *Id.* at 5–8. Specifically, the Court made the following findings: (1) the public's interest in expeditious resolution of litigation favored dismissal; (2) the Court's need to efficiently manage its own docket favored dismissal; (3) the Court did not find undue prejudice to Clements; (4) given Clements's repeated failure to adhere to scheduling orders, the Court declined to issue an order to show cause; and (5) public policy favoring disposition of cases on their merits did not outweigh the prior factors. *Id.*

Clements now moves to vacate the Prior Order and permit Clements to file an opposition pursuant to Rules 6(b)(1)(B), 54(b), 59(e), and 60(b). Clements primarily takes issue with the

---

[1] The Court posted the original order on January 18, 2024. ECF No. 52. Upon observing a mistake in its description of the procedural history arising from oversight or omission, the Court issued an amended order on January 19, 2024, pursuant to Federal Rule of Civil Procedure 60(a). Because the amended order supersedes the original order, the Court will not consider Clements's arguments regarding the superseded order.

Case No.: 5:22-cv-07512-EJD
ORDER DENYING RELIEF FROM PRIOR ORDER
2

1  Court's Rule 41(b) analysis, arguing that various circumstances prevented him from filing an

2  opposition and adhering to prior scheduling orders, including his discovery dispute with T-Mobile

3  and an unanswered inquiry to the Courtroom Deputy.  Clements asks the Court to vacate the Prior

4  Order and allow Clements to file an opposition.  Clements also moves for the Court to consider his

5  untimely reply to the present motion and to extend the page limitations of his motion to vacate.

## II.   LEGAL STANDARD

An order granting a motion to compel arbitration and dismiss the claims with prejudice is a "final decision."  *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 86–87 (2000). Motions to alter such an order are therefore governed by the procedures for seeking relief from a final decision, which here would be Federal Rule of Civil Procedure 60(b).

Rule 60(b) provides that a court may relieve a party from a final order under six circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment was satisfied, released, discharged, reversed or vacated, or enforcement is no longer equitable; and (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b)(1)–(6).  "Reconsideration for any of the reasons set forth in Rule 60(b) is an extraordinary remedy that works against the interest of finality and should be applied only in exceptional circumstances."  *Fed. Trade Comm'n v. John Beck Amazing Profits*, LLC, No. 9-cv-4719-MWF, 2021 WL 4313101, at *1 (C.D. Cal. Aug. 19, 2021) (internal quotation marks omitted).

## III.  DISCUSSION

### A.   Motion for Extension of Time to File Reply

As an initial matter, on the last day for filing Clements's reply in support of the present motion to vacate, Clements filed a motion requesting an extension of time to file his reply; and so, the pattern regrettably continues.  *See* Mot. for Extension of Time.  The Court will continue its generosity and once again allow this practicing attorney to file past the allotted deadline.  Thus, Clements's motion for an extension of time is **GRANTED**, and the Court will consider the arguments presented in his reply.

Case No.: 5:22-cv-07512-EJD
ORDER DENYING RELIEF FROM PRIOR ORDER
3

### B. Motion for Increased Page Limit

In the event that the Court interpreted his motion to vacate and file an opposition as purely a request for enlargement of time under Local Rule 6-3, Clements also filed a motion requesting an increased page limit. *See* Mot. for Increased Page Count. Clements was correct in his assumption that Local Rule 6-3 does not apply to Clements's motion to vacate. Therefore, the Court **TERMINATES** as moot Clements's motion to extend the page limit.

### C. Motions to Vacate Prior Order

Clements's two substantive motions—for reconsideration of the Prior Order and to vacate the Prior Order—raise the same essential arguments and seek the same relief. Because the Prior Order granted a motion to compel arbitration and dismiss the claims with prejudice, the Prior Order was a "final decision" by which the procedures for seeking the relief requested here are governed by Rule 60(b). *See Green Tree Fin.*, 531 U.S. at 86–87. Therefore, the Court will analyze Clements's motions under Rule 60(b).[2]

To begin its discussion, the Court emphasizes that Clements has not challenged the substance of the Court's finding that the claims here fall within the scope of a valid Arbitration Agreement, except to argue that the Prior Order must be vacated because Clements did not have the discovery needed to successfully oppose T-Mobile's motion. However, Clements has made no effort to explain how any additional discovery would have affected the Court's decision. Instead of explaining what materials he expected to receive from T-Mobile and how that discovery would have bolstered his invalidity arguments, Clements offers vague and conclusory statements, including that he "certainly would have gathered evidence and turned to the Court to challenge mutual assent and alteration of material terms," that he needed discovery "to make the precise arbitration-agreement challenges described by the Court," that the discovery was "essential," and

---

[2] Clements also raises arguments under Federal Rules of Civil Procedure 59(e) and 54(b)—the rules permitting revisions to judgments and motions to alter or amend a judgment. However, no separate document setting out a judgment has been entered in this case to date, and 150 days have not run from the entry of the final order in the civil docket. Fed. R. Civ. P. 58(c). Thus, Rules 59(e) and 54(b) are inapplicable. However, the Court will consider the arguments Clements raised under these rules in its analysis under Rule 60(b). The Court will also consider Clements's arguments under Rule 6(b)(1)(B) in its excusable neglect analysis below.

Case No.: 5:22-cv-07512-EJD
ORDER DENYING RELIEF FROM PRIOR ORDER
4

1  that "he depended on T-Mobile's timely compliance with the discovery deadlines."  Mot. for

2  Recon. 2, 8, 9, 15.  T-Mobile explicitly highlighted this deficiency in its opposition, but

3  Clements's reply still failed to provide any description of how he plans to meritoriously challenge

4  T-Mobile's motion and what information or materials he requires to make his arguments.  *See*

5  Opp'n 7 ("Plaintiff makes no effort to suggest why permitting him to file an opposition would do

6  anything but delay these proceedings.").  The Court observes that, in the absence of any facts

7  supporting Clements's conclusion that discovery would yield a different outcome, Clements's

8  insistence on the necessity of this discovery appears merely as a request for a fishing expedition.

9  *See, e.g., Nastrom v. JPMorgan Chase Bank, N.A.*, No. 1:11-CV-01998-SAB, 2013 WL 245734,

10  at *6 (E.D. Cal. Jan. 22, 2013) ("[T]he Court notes that, in order to justify relief from judgment,

11  Plaintiffs must also demonstrate how the filing of their opposition would have swayed the Court's

12  decision in granting Defendants' motion to dismiss. Here, Plaintiffs make no effort to address the

13  substantive basis upon which the Court granted Defendants' motion to dismiss.").

14  Moving to Clements's primary issue—the Court's analysis of Clements's failure to adhere

15  to the Court's scheduling orders, including failing to file a timely opposition to T-Mobile's motion

16  to dismiss—Clements argues that vacatur of this finding is warranted due to excusable neglect

17  pursuant to Rule 60(b)(1), among other reasons which the Court will consider under Rule 60(b)(6).

### a.  Excusable Neglect

19  To determine whether neglect is excusable, the Ninth Circuit applies the four-part *Pioneer*

20  test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and

21  its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was

22  within the reasonable control of the movant; and (4) whether the movant acted in good faith.  *See*

23  *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (quoting *Pioneer Inv. Servs.*

24  *Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  The Court's "determination is at

25  bottom an equitable one, taking account of all relevant circumstances surrounding the party's

26  omission." *Pioneer*, 507 U.S. at 401.

27  Clements argues that his neglect in failing to file an opposition or adhere to prior

Case No.: 5:22-cv-07512-EJD
ORDER DENYING RELIEF FROM PRIOR ORDER
5

1    scheduling orders is excusable due to a variety of considerations, including T-Mobile's failure to

2    comply with his discovery requests and his unanswered query with the Courtroom Deputy.

3    Having considered the *Pioneer* factors, the Court finds that Clements's neglect is not excusable

4    under these circumstances.

### i. Prejudice to Opposing Party

The first factor, danger of prejudice to the opposing party, does not support a finding of excusable neglect.

It is important to reiterate here that Clements originally chose to bring his claims against T-Mobile in an arbitration proceeding in Texas. Pet. to Compel Arb. ¶ 14. After initiating the arbitration proceedings, but prior to being assigned an arbitrator, Clements contacted the AAA to seek a change of venue from Texas to California pursuant to his 2021 Arbitration Agreement with T-Mobile. *Id.* ¶ 18. The AAA informed Clements that his case will proceed "as initially filed," and the venue and choice of law issue could be properly raised to the arbitrator upon appointment. *Id.* ¶ 21. Clements was not pleased with this response. *See id.*, Ex. 16, ECF No. 1-16. Clements refused to wait for an arbitrator to be assigned, instead choosing to file a new action in this Court demanding a change in arbitration venue pursuant to his 2021 Arbitration Agreement's venue selection clause. *See id.* Approximately four months later, Clements sought and secured leave to file an amended complaint changing his case from a petition to compel arbitration to a complaint for damages, alleging the same causes of action he raised in his pending Texas arbitration proceedings. *See* Am. Compl; *see also* Pet. to Compel Arb., Ex. 3, ECF No. 1-3. Clements now argues that he is permitted to litigate these causes of action here because he believes that the 2019 Arbitration Agreement applies to his claims, rather than the 2021 Arbitration Agreement he previously raised, and the 2019 Arbitration Agreement is unenforceable. Am. Compl. ¶ 104–06; Mot. for Leave to File Am. Compl., ECF No. 23. T-Mobile informs the Court that Clements's arbitration proceedings have been held in abeyance since the initiation of the present action, and T-Mobile has had to pay fees to keep that action abated while Clements carried out his claims here. Opp'n 5. The Court finds that the pending arbitration proceedings, in light of the delays in

Case No.: 5:22-cv-07512-EJD
ORDER DENYING RELIEF FROM PRIOR ORDER

6

1   this matter summarized in the Prior Order, support T-Mobile's claim that permitting Clements to

2   file an untimely opposition at this stage would be prejudicial.

3         The Court also finds that permitting Clements to file an opposition would prejudice T-

4   Mobile given that, as discussed above, Clements has still failed to even identify on what new

5   grounds he would meritoriously challenge T-Mobile's motion. *See, e.g., Nastrom*, 2013 WL

6   245734, at *6.

7         Considering the pending arbitration proceeding and lack of showing that an opposition

8   would present any new argument that may alter the Court's findings, the Court finds that this first

9   factor weighs against Clements.

### ii.   Length of Delay

11  Similarly, the second factor's consideration of delay does not support a finding of

12  excusable neglect. T-Mobile's motion was filed nearly one year ago. Clements had already

13  sought and secured five months of extensions for his opposition before failing to meet his most

14  recent deadline—ironically, Clements once again could not manage to meet the deadline to file a

15  reply to this present motion. *See* Mot. for Extension of Time. The Court is unconvinced that if it

16  vacated the Prior Order, re-opened the case, and allowed Clements to file an opposition, that

17  Clements would, indeed, file an opposition within the allotted time.

### iii.   Reason for Delay

19  As to the third and most heavily weighed factor, the Court finds that Clements has failed to

20  provide any reasonable justification for his delays.

21  First, Clements argues that his failure to file an opposition is due to his unanswered

22  October 17, 2023, email to the Courtroom Deputy. Mot. for Recon. 2–5; Mot. to Vacate 8; Reply

23  7–8. In Clements's email, he notified the Courtroom Deputy that he had filed a case management

24  statement before a magistrate judge and sought advice on next steps. Mot. for Recon. 3–4. The

25  case management statement indicated that Clements was experiencing a discovery dispute with T-

Case No.:   5:22-cv-07512-EJD
ORDER DENYING RELIEF FROM PRIOR ORDER

7

1  Mobile.[3]  Case Management Statement, ECF No. 42.  This email was inadvertently sent to the
2  Courtroom Deputy's spam folder and was not received.  Mot. for Recon. 3–4.  Clements did not
3  follow up with the Courtroom Deputy for approximately three months, until after the Court's
4  Order granting T-Mobile's motion to dismiss.  *See id.*  Clements compares his behavior to that of
5  attorneys who PACER failed to notify of a filing deadline, who were out of the country due to a
6  family emergency, and who made a single calendaring mistake resulting in one three-day filing
7  delay.  *Id.* 4–5.  The lack of a response to Clements's October 17, 2023, email and Clements's
8  three-month delay in following up to that email is incomparable.  Although it is unfortunate that
9  the email was not originally received, this email bears no material relevance on Clements's ability
10  to file a timely response to T-Mobile's motion or move for an extension, and it certainly does not
11  excuse his repeated failure to adhere to the Court's prior scheduling orders.  While Courtroom
12  Deputies can be an informative resource to assist litigants with administrative questions regarding
13  courtroom operations, all litigants, particularly practicing attorneys, are expected to look to the
14  Civil Local Rules and the Federal Rules of Civil Procedure to inform their filings and seek relief
15  through motions in compliance with these rules.  In other words, as a practicing attorney, the
16  Court expects Clements to be capable of educating himself on the local and federal rules and to
17  not rely solely on the Courtroom Deputy for advice on how to seek relief for a discovery dispute
18  or an extension of filing deadlines.  The Court also notes that Magistrate Judge Van Keulen
19  similarly found these same circumstances did not constitute excusable neglect for failing to
20  properly file a motion to compel discovery prior to proceeding straight to a motion for sanctions.
21  *See* Order Den. Mot. for Sanctions (finding that Clements's confusion regarding his case
22  management statement and email with the Court did not constitute excusable neglect).
23       Second, Clements argues that his failure to file an opposition is due to T-Mobile's failure
24  to comply with the Court's August 2, 2023, Order granting the Parties' stipulation to engage in
25  limited discovery.  Mot. for Recon. 6–7; Mot. to Vacate 6–8; Reply 3–4.  The Court again notes

---

[3] The Court's Prior Order already addressed the procedural errors in Clements's case management statement and need not repeat them here.

Case No.: 5:22-cv-07512-EJD
ORDER DENYING RELIEF FROM PRIOR ORDER
8

1  that, to this day, Clements has still not described what he expected to receive from T-Mobile
2  which would have bolstered his argument that the Arbitration Agreement was invalid.  Thus,
3  Clements has failed to show how this discovery dispute hindered his ability to file a timely
4  response to T-Mobile's motion to dismiss or move for an extension.  Even if Clements believed
5  that noncompliance with the discovery stipulation barred him from opposing T-Mobile's motion
6  to dismiss—a belief for which Clements has yet to provide justification—Clements has provided
7  no facts that would have prevented him from properly filing a stipulation or motion to continue his
8  opposition deadline, as he had done, and as the Court had granted, on several occasions prior.[4]
9  *See* Prior Order 6.  Similarly, nothing barred Clements from filing a motion to compel discovery if
10 he believed that the discovery was vital to his opposition.  As Magistrate Judge Van Keulen
11 observed in her order denying Clements's motion for sanctions arising out of this very discovery
12 dispute, "[a]ll Plaintiff had to do was read the applicable rules, as is required of all attorneys and
13 pro se litigants appearing before this Court."  Order Den. Mot. for Sanctions 6.

14 Finally, Clements provides various calendaring excuses for failing to meet other filing
15 deadlines, including examples of deadlines that fell on holidays or weekends.  Mot. for Recon. 10–
16 12.  These excuses do not justify Clements's consistent and repeated delays and need for extensions.
17 And even considering the holidays, Clements had still missed deadlines by multiple days.  For
18 example, while one deadline fell on June 19, 2023, a national holiday, Clements did not attempt to
19 secure an agreement from T-Mobile for an extension until June 20, 2023, and he did not file the
20 stipulation seeking an extension until June 23, 2023.  Joint Request to Extend Briefing Schedule and
21 Continue Hearing, ECF No. 38.  This is but one example of Clements's repeated lack of diligence
22 and pattern of eleventh-hour requests for extensions filed on or after the day his filings were due.

23 Therefore, in consideration of all the circumstances described above, the Court finds that
24 Clements has failed to show that his reasons for delay favors vacatur.

---

[4] The Court also notes that the Court's August 2, 2023, Order did not, as Clements states, "indicat[] that the Court would not entertain any continuance whatsoever." Mot. for Recon. 13.  If Clements experienced confusion regarding the Court's modification to the proposed order, Clements had the ability to file a motion for clarification.

Case No.: 5:22-cv-07512-EJD
ORDER DENYING RELIEF FROM PRIOR ORDER
9

### iv. Good Faith

Finally, Clements has failed to show how his neglect occurred in good faith. *See* Mot. to Vacate 8. Indeed, courts have found similar circumstances whereby a party waited until after an order to seek leave to file a response to show an apparent lack of good faith. *Nastrom*, 2013 WL 245734, at *3 ("[T]he Court notes that Plaintiffs could have filed their Rule 60 motion before the order on Defendants' motion to dismiss was issued. By waiting until after the Court ruled on the motion to dismiss, Plaintiffs took the wait-and-see approach to see if the Court denied Defendants' motion to dismiss. Waiting for the Court's order gave Plaintiffs a chance to avoid the time and expense in preparing their Rule 60 motion, but guaranteed that the Court would undertake the time and expense of adjudicating Defendants' motion to dismiss. In other words, Plaintiffs hoped for two bites at the apple by waiting for the Court's first ruling, and, if unfavorable, requesting leave to file a late opposition and thereby obtain a second ruling."). Similarly here, the Court questions why Clements waited until February 12, 2024, to request leave to file an untimely opposition rather than when the Court took the unopposed motion under submission two months prior.[5]

### b. Other Reasons Justifying Relief

Clements also offers additional arguments that do not squarely fit into Rule 60, thus the Court will consider them as "any other reason that justifies relief" pursuant to Rule 60(b)(6).

First, Clements argues that vacatur is warranted because the Court erroneously failed to consider material facts showing his diligence, such as his compliance with the discovery stipulation, filing a sixty-two-page complaint, and submitting "quality" "legal research, writing, and oral advocacy." Mot. for Recon. 14. These facts are either irrelevant or not supported by the record, and they do not negate the Court's findings of inexcusable neglect.

Second, Clements argues that the Court failed to consider legal arguments made in an email he sent to the Courtroom Deputy in the time between the Court posting its original order and its amended order, suggesting that the Court must have failed to consider his arguments in error

---

[5] Rather than properly filing a motion for leave to file an untimely opposition, Clements filed an improper "notice" indicating his disagreement with the Court taking the motion under submission. Even this improper "notice" did not request leave to file an untimely opposition.

Case No.: 5:22-cv-07512-EJD
ORDER DENYING RELIEF FROM PRIOR ORDER
10

given the "puzzling rush" between the original and amended order.  *See* Mot. for Recon. 1, 7–8.

The Court does not consider legal argument presented on the matter in an email to a Courtroom Deputy.  The Court will only consider legal arguments raised properly before it.  This is basic civil procedure.  The Court also notes that its amended order properly cured a mistake the Court observed in the procedural history arising from oversight pursuant to Federal Rule of Civil Procedure 60(a); but applying the correct procedural history did not alter the Court's findings—indeed, it highlighted the extent of Clements's repeated eleventh-hour requests for extensions.

\* \* \*

Despite Clements's maintenance of the burden and complexity of this case, the facts here are relatively simple.  The Court repeats, Clements made the choice to initiate arbitration of these claims in Texas almost two years ago before he amended his complaint to litigate his claims here.  Clements's original opposition deadline to T-Mobile's motion was over ten months ago now, and yet to this day, Clements has failed to explain how he planned to meritoriously challenge the enforceability of the 2019 Arbitration Agreement beyond the allegations made in his prior filings, which the Court considered and rejected in its Prior Order, and he has failed to explain how the discovery he sought would be "essential" to support his challenges.  Neither the occurrence of a discovery dispute nor the other excuses for Clements's delays justify vacating the Court's Prior Order dismissing this matter and compelling arbitration.

### IV.   CONCLUSION

Based on the foregoing, the Court **DENIES** Clements's motions for reconsideration and vacatur of the Prior Order, **GRANTS** Clements's motion for extension of time, and **TERMINATES** as moot Clements's motion for increased page limits.

**IT IS SO ORDERED.**

Dated: May 8, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-07512-EJD
ORDER DENYING RELIEF FROM PRIOR ORDER
11